(No. 28133.—

FRANCES LOLLI, Appellant, *vs.* PEARL LOLLI RONDON, Appellee.

*Opinion filed January 17, 1945.*

RAPHAEL E. YALDEN, of Rockford, for appellant.

B. JAY KNIGHT, and A. PHILIP SMITH, both of Rockford, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is a controversy between appellant and appellee, who are mother and daughter. The suit was brought by appellant, in the circuit court of Winnebago county, to cancel and set aside two deeds, one made by appellant to Pauline Knapp, and the other a deed from Pauline Knapp to appellant and appellee, as joint tenants.

It was alleged in the complaint, that on June 8, 1938, appellant was the owner of the property in question, consisting of a two-story duplex apartment; that she was in

infirm health and of advanced age, and, being desirous of making such a disposition of her property as would secure her suitable maintenance and support for the remainder of her life, she entered into an agreement with appellee, her daughter, whereby she was to convey the premises to Pauline Knapp and Pauline Knapp was to reconvey the same to her and her daughter in joint tenancy. It was further alleged that the deeds were duly executed and recorded. Copies of the deeds were attached to the complaint. She alleged that the only consideration for the conveyances was appellee's agreement that she would maintain and support appellant during her natural life; that appellee had defaulted in such agreement and had failed and neglected to furnish support for appellant. It was, therefore, alleged that the consideration had failed and that the deeds should be cancelled on that account.

Later, an amendment was filed to the complaint charging that the execution of the deeds was obtained by appellee by fraud and deceit; that appellant did not understand the legal effect of a joint-tenancy deed and did not intend that appellee should have any interest in the property until after the death of appellant. It was further alleged that the deeds were not delivered. By a later amendment it was charged that appellee agreed with appellant that if appellant would cause the property to be conveyed to appellant and appellee in joint tenancy, appellee would pay a mortgage on the property in favor of the Home Owners' Loan Corporation and would support the mother for the rest of her life; that the conveyances were made in reliance upon this agreement.

Appellee filed an answer to the complaint in which she alleged that prior to the time the deeds were executed appellee had advanced various sums of money for the funeral expenses of her father, the payment of taxes, insurance, improvements and other indebtedness owing by appellant, aggregating $4500; that the conveyances were made for

the purpose of reimbursing appellee for the money she had advanced to appellant. She denied that there was an agreement that she would support her mother and that such agreement constituted the consideration for the conveyances. She further alleged that the conveyances were made for the purpose of securing to appellee the repayment of the sums of money advanced by her to and for the benefit of her mother.

Appellee also filed a counterclaim for partition and for an accounting of rents against her mother, since the date of the conveyances. An answer was filed by appellant to the counterclaim, denying the material allegations therein contained.

The evidence was heard by the chancellor in open court. A decision of the issues raised by the amended complaint and the answer thereto, and the counterclaim and the answer to such counterclaim, is dependent solely upon the conflicting testimony of appellant and appellee. The chancellor found the issues on the amended complaint in favor of appellee and dismissed the complaint for want of equity. He also found the issues on the counterclaim in favor of appellee and entered a decree for partition, as prayed for in the counterclaim.

In order to cancel and set aside the conveyances, the burden was on appellant to prove the allegations in her amended complaint that the conveyances were obtained by fraud and deceit, or that they were made in consideration of the promise of appellee to support appellant during her life. The witnesses having testified in open court before the chancellor, we would ordinarily be justified in accepting the findings of the chancellor upon the controverted questions of fact. (*Sohio Corp.* v. *Gudder,* 375 Ill. 622; *Flynn* v. *Troesch,* 373 Ill. 275; *Dalbey* v. *Hayes,* 267 Ill. 521; *Beall* v. *Dingman,* 227 Ill. 294.) Nevertheless, we have carefully examined all of the testimony in the record bearing upon these issues. We are convinced that the

chancellor was correct in finding that the weight of the evidence was in favor of appellee. As the chancellor aptly pointed out in his decision, appellant readily admitted on the witness stand that she was familiar with joint-tenancy deeds and the effect of such deeds. She had acquired this property under such a deed. It was held by her and her husband in his lifetime as joint tenants. With this admission in the record, the basis for the charge of fraud and deceit and lack of understanding of the effect of the deeds, by appellant, is without any support in the record whatever.

On the question of the consideration for the deeds, the evidence likewise preponderates in favor of appellee. Appellant was not corroborated in any way in her testimony as to the consideration for the conveyances. The attorney who drew the conveyances was not called as a witness. As the chancellor aptly pointed out in his decision, appellant's testimony was not only not corroborated, but it was, in many respects, inconsistent and improbable, if not absolutely impossible. For instance, she claimed to have paid out various items of expenses in connection with the property, which appellee also claimed to have advanced, and which appellee contends constituted the consideration for the conveyances. It should be noted in this connection that appellant testified to the payment of items aggregating considerably more than her entire income and financial resources during the period covered by the payments. On the other hand, appellee was corroborated in her testimony that she had made these payments as advancements for her mother, by receipts and other written documents, the authenticity of which was not questioned, and which were ample upon their face to show most of the payments, as contended by appellee. We agree with the finding of the chancellor that appellant did not discharge the burden the law cast upon her to sustain the allegations of her complaint. The finding of the trial court was in accordance with the great weight of the evidence.

Some complaint is made by appellant that the court erred in not providing an interpreter in hearing her testimony. The record does not justify this complaint. The record shows that the chancellor was very careful and patient in hearing appellant's testimony; that she was able to give it in English and in an intelligent and proper manner, and that no interpreter was necessary.

The decree of the circuit court of Winnebago county is affirmed.

*Decree affirmed.*